# IN THE COURT OF APPEALS OF IOWA

No. 23-0375
Filed December 6, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MASON DANIEL HAMPTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jesse Ramirez, District Associate Judge.


Mason Daniel Hampton appeals his conviction of operating while intoxicated. **AFFIRMED.**


Billy J. Mallory and Trevor A. Jordison of Mallory Law, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Mason Daniel Hampton appeals his conviction of operating while intoxicated, challenging the district court's denial of his motion to suppress evidence obtained as a result of a traffic stop.

The night of September 18, 2022, Iowa State Patrol Trooper Ratzesberger stopped a vehicle driven by Hampton for speeding. Based on Hampton's license, Trooper Ratzesberger determined Hampton was required to have an ignition interlock device installed in the car and carry necessary paperwork but lacked both. Trooper Ratzesberger could also smell "an odor of alcohol" emitting from the vehicle, but he could not determine if the source was Hampton, the passenger, or something else. He asked Hampton to join him in his squad car, and Hampton followed him. Trooper Ratzesberger testified that Hampton had bloodshot, droopy eyes and the smell of alcohol was so strong in the patrol vehicle that he had to roll down the window for fresh air. When asked, Hampton declined to perform field sobriety tests, but he agreed to provide a blood alcohol concentration (BAC) sample "at the station." He eventually blew a .131 BAC and was charged with operating while intoxicated, second offense.

During the proceedings, Hampton moved to suppress the evidence resulting from the traffic stop, claiming it was obtained in violation of his federal and state constitutional rights. After a hearing on the motion, the district court denied it based on clear Iowa precedent. Following a trial on the minutes, the district court ultimately convicted Hampton. He timely appealed.

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our

standard of review is de novo." *State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019) (citations omitted). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017) (citation omitted).

Hampton challenges the district court's denial of his motion to suppress on constitutional grounds. While he acknowledges the officer's actions were proper under the federal constitution, he argues we should adopt a more stringent standard under article I, section 8 of the Iowa Constitution that requires the officer to have reasonable suspicion of safety concerns before ordering a defendant out of a motor vehicle. *See Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 (1977) (holding "that once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures"). But we have previously rejected this heightened standard. *State v. Hanrahan*, No. 12-0012, 2013 WL 4009675, at *2 (Iowa Ct. App. Aug. 7, 2013) (concluding "the trooper acted well within constitutional bounds in escorting [the defendant] to his squad car and engaging him in conversation while typing a warning ticket"). Moreover, "[b]ecause our supreme court has remained consistent with federal jurisprudence . . . , we will not deviate from the course." *State v. Wenzel*, 987 N.W.2d 473, 486 (Iowa Ct. App. 2022). We therefore decline to adopt an alternative view at this time.

Hampton further contends that Trooper Ratzesberger violated his constitutional rights because he lacked reasonable suspicion when ordering him

out of the car. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. But we disagree with Hampton's recollection of the record. Upon our review, we find no violation of rights because Hampton voluntarily consented. *See State v. Lowe*, 812 N.W.2d 554, 572 (Iowa 2012); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Trooper Ratzesberger asked Hampton to join him in the squad car, and Hampton accepted. To the extent Hampton intends to argue he was coerced or did not voluntarily consent to going to the officer's squad car, we find his argument waived and decline to consider it because he provides no supporting argument. *See* Iowa R. App. P. 6.903(2)(g)(3) (waiving issues inadequately argued on appeal).

Because the officer did not violate Hampton's constitutional rights, we affirm the district court's denial of his motion to suppress.

**AFFIRMED.**